IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL MILLER EL,   ) | |
|     Plaintiff,   ) | Civil Action No. 7:24-cv-00045 |
| ) | |
| v.   ) | MEMORANDUM OPINION |
| ) | |
| JACQUELINE F. TALEVI WARD, et al.,   ) | By:  Robert S. Ballou |
|     Defendants.   ) | United States District Judge |

Michael Miller El has filed a civil rights action under 42 U.S.C. § 1983, seeking injunctive relief and monetary compensation.  Upon review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons set forth below, I will dismiss his complaint as frivolous and failing to state a cause of action for which relief may be granted.[1]

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a case filed *in forma pauperis* if "at any time [] the court determines that… the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous "where it lacks an arguable basis either in law or in fact." *Netizke v. Williams*, 490 U.S. 319, 925 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory" and lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Guynup v. Cullen*, 2022 WL 3359367, at *2 (W.D. Va. Aug. 15, 2022)(quoting *Netizke*, 490 U.S. at 327-28).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Plaintiff filed a separate action under 42 U.S.C. § 1983 alleging sexual assault, excessive use of force and false arrest. Case No. 7:24-cv-00011. This Court granted Plaintiff's request to proceed *in forma pauperis* in that case on January 8, 2024.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Miller El was arrested for traffic violations in June 2023. Dkt. 2-2. He was released on his own recognizance pending trial and ordered to submit to alcohol and drug testing. *Id.* On June 29, 2023, the Roanoke County General District ordered Miller El to show cause why he failed to comply with the conditions of his pre-trial release. Dkt. 2-6. He was subsequently arrested for failure to obey a court order. Dkt. 2-5.

Miller El alleges that he is a member of the "Moorish Nation" and therefore not subject to the laws of the United States. Specifically, he asserts that Judge Scott Geddes did not have the authority to order him to submit to drug testing. Dkt. 201 at 1. He also asserts that Judge Ward Talevi denied him due process and violated his First Amendment rights by denying him an opportunity to speak at the "show cause" hearing and remanding him to custody. *Id.* at 2–3. Similarly, he alleges that Judge James Swanson improperly refused, among other things, to "answer [his] challenge of jurisdiction" and "examine the evidence" and threatened to "[try him] a second time." *Id.* at 3. Miller El now seeks relief in this court in the form of a $40 Million line of credit, an injunction, and punitive and compensatory damages.

This theory that descendants of the "Moorish Nation" are not subject to the laws of the state and federal governments and thus shielded from prosecution have routinely been found as frivolous. That is, courts have consistently recognized, "any claims or arguments raised by Plaintiffs which arise from alleged membership in a 'Moorish Nation' organization, or which rely on documents or arguments based on doctrines from such an organization, are frivolous and cannot support an action in this Court." *Robinson v. Sgt. Pintez*, No. 1:18-cv-151, 2019 WL

4271988, at *4 (N.D. W. Va. Sept. 10, 2019) (citing *Bey v. Hillside Twp. Mun. Ct.*, Nos. 11-7343, 11-7351, 2012 WL 714575, at *6 (D.N.J. Mar. 5, 2012)); In *El-Bey v. United States*, No. 1:08-cv-151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009), the court addressed the plaintiff's claim that she was immune from the tax law of the United States because she was an "indigenous Washitaw Naga Moor." The court summarily concluded that the plaintiff's claim was legally frivolous stating as follows:

> ("It is well-settled that Plaintiff's contentions are utterly without merit and are an affront to the courts and to all other law-abiding, tax-paying Americans. [Plaintiff's] claims are the most recent incarnation of a notorious organization of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from a total lack of responsibility under those same laws.").

*El-Bey v. United States*, No. 1:08-cv-151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009).

Courts have routinely concluded that "summary dismissal of any claims based on a 'Moorish Nation" or "Sovereign Citizen" theory is appropriate." *Bey v. Jefferson*, No. 2:17-cv-1007, 2017 WL 9250348, at *4 (D.S.C. Apr. 24, 2017). This has included the repeated rejection of assertions like those Miller El makes here as frivolous and meriting dismissal. *Id.* at *5 (collecting cases). The Court need not dive down the illogical rabbit hole Miller El proposes as a claim for relief. *See Robinson*, 2019 WL 4271988, at *4 n.6 (declining to "discuss[] the Moorish Nation at length" and collecting cases summarily dismissing claims based on "Moorish" descent). Indeed, addressing the merits of Miller El's assertions would lend credence to a "baseless, fantastic, and delusional" theory of sovereignty. *Great Seal Nat'l Ass'n of Moorish Affs. v. 46th Dist. Ct. of Oakland Cnty.*, No. 06-cv-15625, 2007 WL 169850, at *1 (E.D. Mich. Jan. 17, 2007).

I also find that Miller El's claims against Judges Swanson, Talevi, and Geddes are barred by absolute judicial immunity. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("Judges are

3

absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983"). The common law has long recognized the 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction,' even if such acts were allegedly done either maliciously or corruptly." *Id.* (citations omitted). Miller El claims that Judges Swanson, Talevi and Geddes violated his rights in their official role as judicial officers presiding over the criminal matter against Miller El. Thus, his claims are barred by judicial immunity. Accordingly, Miller El has has failed to state a cause of action for which relief may be granted. *See Collogan v. Branscom*, 7:23-cv-00215, 2023 WL 3218512, at *2 (W.D. Va. May 1, 2023).

      Miller El's claim for violation of his rights by a person acting under color of state law is frivolous and fails to state a claim on which relief can be granted. Accordingly, I will enter an appropriate order dismissing the case.

      Enter:  February 8, 2024

      /s/ Robert S. Ballou

      Robert S. Ballou
      United States District Judge